Per Curiam.
 

 Relator, on October 15, 1947, pleaded guilty in County Court, St. Lawrence County, to assault in the second degree, receiving a prison sentence which was served. Subsequently, on May 23, 1955, relator pleaded guilty to four counts of an indictment and received consecutive sentences as a second offender.
 

 
 *347
 
 On this habeas corpus application, relator contends that he was improperly sentenced in 1955 as a
 
 second
 
 offender because, on the prior conviction in 1947, the court failed to accord him a two-day delay prior to pronouncing sentence as required by section 472 of the Code of Criminal Procedure. Accordingly the contention here (as in
 
 People ex rel. Emanuel
 
 v.
 
 McMann [La Vallee],
 
 7 N Y 2d 342, decided herewith) is that such omission requires the vacatur of the original sentence and conviction and that he be remanded for resentencing on the 1955 convictions as a first felony offender. The Clinton County Court sustained the writ and the Appellate Division has reversed on the law and facts and dismissed the writ.
 

 The original minutes of the 1947 sentencing discloses that sentence was pronounced immediately following acceptance of the plea of guilty. This fact is sufficient,
 
 prima facie,
 
 to overcome the presumption of regularity
 
 (People ex rel. Sheehan
 
 v.
 
 Murphy,
 
 6 N Y 2d 238).
 

 Even if we assume, however, that this omission would affect the validity of the original sentence, the right afforded by section 472 of the Code of Criminal Procedure being analogous to the right protected by section 480, relator would only be entitled upon an application made in that case to a vacatur of the original sentence and to be remanded for resentencing on his plea of guilty.
 
 (People ex rel. Emanuel
 
 v.
 
 McMann [La Vallee],
 
 7 N Y 2d 342,
 
 supra,
 
 decided herewith;
 
 People
 
 v.
 
 Sullivan,
 
 3 N Y 2d 196;
 
 People ex rel. Miller
 
 v.
 
 Martin,
 
 1 N Y 2d 406;
 
 People ex rel. Egitto
 
 v.
 
 Jackson,
 
 7 A D 2d 808, motion for leave to appeal denied 5 N Y 2d 711, cert, denied 360 TJ. S. 906.)
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur; Judge Foster taking no part.
 

 Order affirmed.